**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1177

_____

AMA REALTY LLC, a New Jersey based Limited Liability Corporation,
Appellant

v.

9440 FAIRVIEW AVENUE LLC; NORTH BERGEN ASPHALT LLC;
JOSEPH M. SANZARI, INC; JOSEPH M. SANZARI;
TIMOTHY MURRAY, Jointly, severally, and Individually;
TILCON NEW YORK, INC.; JOHN DOES 1-5

v.

MILLENIUM RESOURCE RECOVERY, LTD.; PERFECT BODY &
FENDERS CO., INC.; LIBERTY CONSTRUCTION CORP.;
LIBERTY CONTRACTING CORP.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-13-cv-00457)
Honorable John M. Vazquez, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2021

Before: SHWARTZ, KRAUSE, and RENDELL, *Circuit Judges*

(Opinion filed: July 20, 2021)

———————

OPINION[*]

———————

KRAUSE, *Circuit Judge*.

AMA Realty LLC appeals the District Court's order granting summary judgment in favor of Appellees 9440 Fairview Avenue LLC, North Bergen Asphalt LLC, Joseph M. Sanzari, Inc., Joseph Sanzari, and Timothy Murray on AMA's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Because AMA failed to establish a genuine issue of material fact as to its claims, we will affirm.

## I.     **Discussion[1]**

A plaintiff asserting a RICO claim "must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). AMA's appeal fails on this fourth element. That is, although the racketeering activity alleged by AMA—mail fraud in violation of 18 U.S.C. § 1341—does appear on the "list of criminal activities that constitute predicate acts for purposes of RICO," *id*.; *see* 18 U.S.C. § 1961(1)(B), AMA has not shown, as it must, that the mailings were made in furtherance

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment *de novo*, *see Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016), and will affirm if, viewing the facts in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law," Fed R. Civ. P. 56(a); *see Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010).

of a "scheme . . . to defraud," 18 U.S.C. § 1341; *Tabas v. Tabas*, 47 F.3d 1280, 1294 (3d Cir. 1995).

According to AMA, Appellees defrauded both AMA and the New Jersey Department of Environmental Protection ("NJDEP") by agreeing in their lease to use AMA's property only for construction equipment storage when, in fact, they intended to unlawfully dump hazardous materials on the property, by filing an application for a Class B recycling license with NJDEP with the same intent to unlawfully dump, and by filing reports with NJDEP that failed to disclose the amount of residual waste taken in annually. The District Court, however, found that AMA had provided no evidence that Appellees' conduct was intended to or did defraud either AMA or NJDEP and concluded that, because AMA had failed to establish a genuine issue of material fact as to its RICO claims, summary judgment was appropriate. *AMA Realty LLC v. 9440 Fairview Avenue LLC*, No. 130457, 2017 WL 6728641, at *5-6 (D.N.J. Dec. 29, 2017).

We perceive no error in the District Court's ruling. With regard to the alleged scheme to defraud AMA, AMA provided no evidence that there was a scheme to defraud, that Appellees' alleged misrepresentations concerning their intended use of the property amounted to more than a breach of contract, or that the dumping was concealed or carried out surreptitiously.[2] To the contrary, AMA's principal noticed the dumping during an

---

[2] Appellees argue that AMA could not establish mail fraud in any event because the mailings were merely rent checks sent in the ordinary course of business and were not fraudulent in and of themselves. But our case law imposes no such requirement; rather, routine and innocent documents can be used as part of a scheme to defraud. See *Schmuck v. United States*, 489 U.S. 705, 711-12 (1989) (finding that routine mailings may satisfy the mailing element of the mail fraud offenses); *Kehr Packages, Inc. v. Fidelcor, Inc.*,

3

inspection and later testified that he was not lied to and did not rely on any misrepresentations.

Nor did AMA provide evidence of a scheme to defraud NJDEP. As the District Court observed, Appellees' permit application cannot establish a scheme to defraud NJDEP because it was mailed in 1991, fifteen years before the alleged scheme began. *See United States v. Cross*, 128 F.3d 145, 150 (3d Cir. 1997). Similarly, during the relevant time period, NJDEP's reporting forms did not have a section to include residual waste information, and NJDEP was able to obtain this information when it regularly inspected Appellees' premises, including the residual waste container.

Because AMA did not establish a genuine issue of material fact as to the existence of a mail fraud scheme, AMA's RICO claim fails as a matter of law.[3]

## II.    Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

926 F.2d 1406, 1416 n.3 (3d Cir. 1991) (citation omitted) (finding that mail fraud can be predicated on mailings which are "designed to lull the victims into a false sense of security").

[3] We have also examined AMA's arguments concerning the weight we accord to the District Court's opinion denying Appellees' motion to dismiss and Appellees' alleged failure to submit an affidavit or declaration to support their summary judgment motion and conclude that they lack merit. *See* Fed. R. Civ. P. 56 (providing the standard for evaluating a summary judgment motion and explaining the documents acceptable as evidence at the summary judgment stage). Because AMA's RICO claim fails, so does its derivative claim for RICO conspiracy. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993).